Contracts; changed conditions; conclmionary fmdi/ng of Board T>ased on erroneous subsidiary finding; remand to Board. — Plaintiff entered hito a Capehart Housing contract *1132 with the Navy Department for construction of family housing units near Groton, Connecticut. Plaintiff claims that as a result of alleged changed conditions it was required to perform more excavation work than that originally contemplated from topographical drawings on site grading plans accompanying and made a part of the contract, and is entitled to an adjustment in price therefor. The Armed Services Board of Contract Appeals held that plaintiff had not shown by a preponderance of the evidence that it encountered a changed condition consisting of a misrepresentation by the Government of the contours of the existing ground. Plaintiff contends that the Board’s decision was influenced by the erroneous assumption that plaintiff had conceded the correctness of the Government contours outside of the cut-off areas. On March 8, 1973 Trial Judge Philip R. Miller filed an opinion recommending remand of plaintiff’s claim to the ASBCA because the Board’s conclusionary finding was based upon an erroneous subsidiary finding, and a reviewing court should not substitute its judgment for that of the administrative body in determining whether the erroneous subsidiary finding is crucial or “taints” the conclusionary finding. This case came before the court on plaintiff’s request for review by the court of the recommended decision of Trial Judge Miller, on plaintiff’s and defendant’s motions for summary judgment, having been submitted on oral argument of counsel and briefs of the parties. Since the court agrees with the recommended decision, with modifications set forth in its order dated October 26,1973, it approved and adopted the same, as modified, as the basis for its judgment in this case. Accordingly, pursuant to the authority of 28 U.S.C. § 1491, as amended by Pub. L. 92-415 and General Order No. 3,1972, the court on October 26, 1973 remanded the case to the ASBCA for reconsideration and amendment of its findings and decision consistent with the recommended decision, indicating that the Board shall give the parties the opportunity for further briefing and argument and that it may, in its discretion, receive additional evidence or may order a new trial if deemed warranted.